**Matthew Singer**, OSB #055090
Email: msinger@schwabe.com
**Nellie Q. Barnard**, OSB #122775
Email: nbarnard@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Plaintiff Preserve Partners, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PRESERVE PARTNERS, INC.,** a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HEIRLOOM INC.,** an Oregon corporation, **RYAN DONATO**, an individual; **JEREMY KILLIAN**, an individual.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR RACKETEERING, FRAUD, AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Preserve Partners, Inc., ("Plaintiff"), by and through the undersigned counsel, and hereby alleges as follows:

//

//

Page 1 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

## THE PARTIES

1. Plaintiff Preserve Partners, Inc. is a Utah corporation with its principal place of business in the State of Utah.

2. Defendant Heirloom Inc. ("Heirloom") is an Oregon corporation with its principal place of business at 9109 SE 64th Avenue, Portland, Oregon 97206. Heirloom is registered to do business in Oregon, has an office in Portland, Oregon, and conducts regular and substantial business activity in Clackamas County. Heirloom is a business that builds custom tiny homes.

3. Defendant Ryan Donato ("Donato") is the Secretary of Heirloom and on information and belief, is a citizen of Oregon and part owner of Heirloom.

4. Defendant Jeremy Killian ("Killian") is the President of Heirloom and on information and belief, is a citizen of Oregon and part owner of Heirloom.

## JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331 because this action arises, in part, under the Federal Racketeer Influenced and Corrupt Organizations Act ("Federal RICO").

6. This Court also has jurisdiction over this matter based on diversity of citizenship, 28 U.S.C. § 1332, in that Plaintiff is a citizen of a different state than Defendants Donato, Killian, and Heirloom (collectively, "Defendants") and the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and the Defendants

7. This Court has jurisdiction over Plaintiff's related common law claims pursuant to the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all Defendants reside in this District and because a substantial part of the events giving rise to the claims occurred in this District and a substantial part of the property that is the subject of the parties' agreements is located in this District.

Page 2 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

9. This Complaint has been filed in the Portland Division pursuant to Local Rule 3-2 because a substantial part of the events giving rise to the claims occurred in Clackamas County, Oregon and a substantial part of the property that is the subject of the parties' agreements is located in Clackamas County, Oregon.

## FACTUAL BACKGROUND

10. Heirloom is in the business of manufacturing "tiny homes."

11. On or about June 21, 2022, Heirloom entered into a Tiny Home Construction and Sale Agreement (the "Agreement") with Plaintiff. The Agreement left open the total number of tiny homes, but the parties agreed at that time that Plaintiff would order 6 tiny homes, with more to be ordered at a later date. Attached hereto as **Exhibit 1** is the Agreement. Also in June 2022, Plaintiff paid the $250,000 down payment called for in the Agreement. The parties agreed that Heirloom would be paid $122,225 per tiny home.

12. Plaintiff is a private real estate investment firm focused on the multi-family and outdoor hospitality market. Prior to contracting with Heirloom, Plaintiff purchased three separate real properties in Utah and Oregon on which Plaintiff intended to develop tiny home communities for rent for the purpose of producing income for Plaintiff. The high season for such rentals is May through September. Plaintiff made clear in its discussions with Heirloom its intent in purchasing tiny homes and that it was imperative that tiny homes be finished in time to rent during the peak season of 2023.

13. In July 2022, Heirloom invoiced Plaintiff for an additional $460,000 to initiate the project. Plaintiff paid said invoice, for a total down payment of $710,000.

14. In August 2022, the parties agreed that Plaintiff would pay Heirloom $122,225 per tiny home for 15 additional tiny homes and a total price of $2,566,725 for all 21 tiny homes.

15. After receiving $710,000, Defendants represented that they were slated to begin building Plaintiff's order in September 2022.

//

Page 3 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

16. Plaintiff discovered later that Defendants never had any intention of fulfilling the terms of the Agreement.

17. On October 11, 2022, Killian emailed Plaintiff to state Heirloom needed the next payment from Plaintiff to keep the project moving. Killian specifically stated that three trailers were at Heirloom's production facility, 12 trailers were scheduled to arrive and start production between October and December, and the final six trailers would be ordered contingent upon Plaintiff's next payment.

18. On October 22, 2022, Defendants represented that the first three trailers on which tiny homes would be built were on site at Heirloom's production facility in Portland, Oregon, the next three trailers would be delivered in late November, and the remaining 15 trailers would be delivered every week or every other week until the order was fulfilled.

19. On October 24, 2022, Defendants represented that production on the first tiny home would start in the last week of October 2022, and said unit would be complete the last week of January 2023. Defendants also represented that the second and third tiny homes would begin production the first week of November 2022, and said units would be complete the first week of February. The rest of the 21 tiny homes would begin production on a staggered basis each following month with all tiny homes complete by the first week of May 2023.

20. On October 26, 2022, Defendants presented purchase orders to Plaintiff purporting to show that the initial $710,000 Plaintiff paid to Heirloom had been used to procure labor and materials for Plaintiff's tiny home order, including doors and custom windows for 6 units, down payments for all 21 trailers, framing packages for 6 units including subfloors, walls and roof trusses, HVAC mini-split units for 6 units, and siding and trim for 6 units.

21. On November 3, 2022, Plaintiff paid Heirloom $73,335 as a progress payment for the arrival of three trailers pursuant to the terms of the Agreement, which calls for 20% of the tiny home price to be paid to Heirloom at the time trailers are delivered. Defendants initially sought 30% of the trailer price as a progress payment, which Heirloom promptly corrected.

Page 4 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

22. On or about November 8, 2022, the parties executed the First Amendment to Tiny Home Construction and Sale Agreement (the "First Amendment"). Attached hereto as **Exhibit 2** is the First Amendment. Under the First Amendment, Plaintiff paid Heirloom an additional $250,000 as satisfaction "of all outstanding payment obligations due by [Plaintiff] under the Agreement." The parties further agreed that Plaintiff's next payment obligation to Heirloom would be due on the earlier of February 1, 2023 or 5 business days after Plaintiff received a loan from the United States Department of Agriculture through First Utah Bank.

23. On November 8, 2022, and unbeknownst to Plaintiff, Heirloom made a $250,000 loan payment, presumably with the funds received from Plaintiff. Heirloom did not, as Killian had represented, order any trailers or make a deposit on trailers.

24. Plaintiff relied on the Defendants' representations, including the purchase orders provided on October 26, 2022 in deciding both to continue working with Defendants and to agree to wire $250,000 to Heirloom under the terms of the First Amendment. At this point, Plaintiff was concerned about the status of the project and the lack of progress on production, but had not yet uncovered Defendants' pattern of dishonesty.

25. On or about December 30, 2022, more than two months later than the parties had agreed, Defendants represented that 6 trailers had been delivered, they had begun building one tiny home, and they would begin production on the next 2 units in a week. Based on that schedule and Defendants' prior representations, Plaintiff expected that the first three tiny homes would be complete in March 2023 and would be available to begin earning rental income for the 2023 season.

26. On January 13, 2023, Plaintiff paid Heirloom $164,470 to cover the rough-in progress payment for unit 1, the remaining down payment due under the terms of the Agreement, and the progress payment for the arrival of the trailers for tiny homes 4–6. Plaintiff was not obligated to make these payments per the terms of the First Amendment.

//

Page 5 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

27. On February 2, 2023, Plaintiff paid Heirloom $366,675 to cover the rough-in progress payment for tiny homes 2–7 and the progress payment for the arrival of the trailers for tiny homes 8–16.

28. On March 1, 2023, Plaintiff paid Heirloom $146,670 to cover the rough-in progress payment for tiny home 8 and the progress payment for the arrival of the trailers for tiny homes 17–21.

29. In March 2023, Plaintiff sent an employee to Heirloom's production facility to review the status of the tiny houses under construction and review the materials on site that had been purchased with Plaintiff's funds. Plaintiff's employee observed only three trailers at the facility, and in turn asked Killian if he could see the other three trailers that Plaintiff had been told were delivered to the facility. Killian stated that trailers that had previously been on site were now stored at another location.

30. On March 28, 2023, Defendants requested payment of two change order invoices related to glass shower doors and frames and water heater kits. Killian represented that Heirloom had purchased said items and "we are installing them in the units."

31. On March 29, 2023, Plaintiff paid Heirloom $79,107 in approved change orders for the project in reliance on Killian's statement that the items described in the invoices had been purchased by Heirloom and were in the process of being installed in tiny homes.

32. By March 29, 2023, Plaintiff had paid Heirloom $1,790,257. The majority of these payments were made by wire to Heirloom at Defendants' request. The majority of communications between Plaintiff and Defendants were made via email and telephone calls across state lines.

33. To date, Heirloom has not completed a single tiny home.

34. On April 21, 2023, and although not a single tiny home had been completed, Heirloom was far behind schedule, and had already received $1,790,257 from Plaintiff, Defendants proposed a new contract price along with a new payment and production schedule.

Page 6 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

Defendants proposed a weekly payment of $150,000 beginning April 24, 2023 and continuing until the contract price was fully paid. Defendants further proposed to complete the first three tiny homes by May 19, 2023, the next three by June 16, 2023, with the remaining tiny homes completed in groups of four or five each month between July and October 2023. Plaintiff rejected this amendment to the Agreement.

35. At the end of April 2023, and in an effort to obtain additional payments from Plaintiff, Defendants told Plaintiff that they had approximately $1 million in materials for Plaintiff's order at the production facility.

36. On or about May 2, 2023, Plaintiff's employee conducted another site inspection. During that inspection, Plaintiff observed only three tiny homes in production and none were near completion. Plaintiff's employee did not observe any water heaters or shower doors installed in Plaintiff's tiny homes, despite Killian's March 28, 2023 representation that such items were installed. Contrary to Defendants' statement the week before that it had $1 million worth of Plaintiff's materials in its facility, Plaintiff's employee observed no more than $50,000 in materials that could be specifically identified as for Plaintiff's order.

37. During the site inspection, Defendants informed Plaintiff that it would need an additional $500,000 to continue production on any tiny homes.

38. Defendants have engaged in a pattern of dishonesty with the intent of procuring additional funds from Plaintiff while concealing the true status of the project.

39. For instance, Defendants invoiced Plaintiff $488,900 for 20 trailers on which tiny homes would be built, but can only document trailers 1–3 at its building site. Plaintiff has discovered that although Killian also represented in April 2023 that trailers 4–6 were at Heirloom's "storage unit" in Oregon, the photos he provided to support this statement were actually taken at the production facility of the third-party trailer manufacturer in Colorado. Heirloom also represented in October 2022 that three trailers had been delivered to its production facility, 12 were presently being built and scheduled to arrive by the end of December, and the

Page 7 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

remaining six trailers would be ordered once Plaintiff made its next down payment.  In other words, Plaintiff expected that 15 trailers had been ordered and were in production or finished as of November, and the remaining six trailers were ordered after it made its $250,000 payment on November 8, 2022.  Plaintiff relied on this statement in making payments to Heirloom in January, February and March 2023. However, in May 2023, Defendants stated that only nine trailers had been completed (three were at Heirloom production facility, three were stored off site, and three were in storage at the original trailer manufacturer), and the remaining 12 trailers were allegedly in production with an alternate manufacturer.

40. Also on May 2, 2023, Plaintiff and Defendants discussed a possible new payment structure that would include a loan from Plaintiff to Heirloom.  Plaintiff was reluctant to make additional payments to Heirloom in light of serious production delays, and were considering a loan with a security interest in Heirloom's property to protect Plaintiff's payment.  Defendants assured Plaintiff that Heirloom did not have any UCC liens on its assets.  Plaintiff subsequently discovered three current UCC liens on Heirloom property, two of which were less than 60 days old, meaning Defendants' statements were blatantly false, and Plaintiff's intention to secure its payment with a lien would have had little or no value.

41. Also on May 2, 2023, Defendants sent Plaintiff a spreadsheet purporting to document the materials and labor on which Plaintiff's funds had been expended (the "May 2 Spreadsheet").  The spreadsheet was inconsistent with the purchase order documentation Defendants provided on October 26, 2022.  For instance, Purchase Order 0009 purports to have paid an initial deposit for plumbing subcontracting for units 1 – 6.  No such payment is included in the May 2 Spreadsheet.  Purchase Order 0012 provided on October 26, 2022 purports to have purchased siding and trim for units 1 – 6.  Again, no such payment is included in the May 2 Spreadsheet.  On information and belief, the funds described in the above purchase orders were used to procure materials for other customers, or were simply fabricated to mislead Plaintiff.

//

Page 8 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

42. The May 2 Spreadsheet also demonstrates that by November 8, 2022, Defendants spent $349,000 of the $710,000 Plaintiff had by then paid on loan payments instead of materials and labor for Plaintiff's project. Such payments directly conflict with Defendants' documentation in October 2022 that Plaintiff's payments had been used to procure materials and labor, on which Plaintiff relied in order to wire Defendants over $323,000 between November 3, 2022 and November 8, 2022. In fact, the day that Plaintiff transmitted $250,000 to Heirloom under the terms of the First Amendment, Defendants transmitted $250,000 to Vazirani Capital for a loan payment despite the fact that Defendants stated that the $250,000 was necessary to procure additional materials for the project, such as trailers on which tiny homes would be built.

43. Plaintiff has also learned that Heirloom had significant loan payment obligations through April 25, 2023 of at least $4,500 *each day*. Heirloom is fraudulently servicing its debt obligations with Plaintiff's funds instead of using those funds to build tiny homes. Killian confirmed as much to Preserve Partners in a phone call on April 12, 2023.

44. Defendants have defrauded others through their enterprise as well. Plaintiff has identified a consumer who ordered a tiny home in or about February 2022 and paid in full for said tiny home. Approximately one year later, said tiny home had not been built by Heirloom. This consumer renegotiated a contract with Heirloom in April 2023, for which Donato and Killian provided a personal guarantee. On May 2, 2023, during Plaintiff's site inspection, Plaintiff's employee looked for but was not able to observe a tiny home matching the consumer's specifications at Heirloom's lone production facility.

45. Defendants' pattern of fraud, dishonesty, and failure to produce even a single tiny home has caused Plaintiff to miss out on the production of rental income from tiny homes for the 2023 summer season. Plaintiff has therefore been damaged by Defendants.

//
//
//

Page 9 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

## FIRST CLAIM FOR RELIEF

### (Federal RICO 18 U.S.C. § 1962(c) – Against All Defendants)

46. Plaintiff incorporates by reference the previous allegations as if set forth fully herein.

47. Prior to contracting with Plaintiff, Defendants formed an enterprise to defraud the customers of Heirloom (the "Heirloom Enterprise"). The Heirloom Enterprise consists of a group of "persons" associated together for the common purpose of intentionally and willfully defrauding Plaintiff, creating and conducting a scheme to defraud tiny home purchasers, including Plaintiff. The Heirloom Enterprise is an ongoing organization that functions as a continuing unit. The Heirloom Enterprise was created and used as a tool to effectuate Defendants' pattern of racketeering activity.

48. Working in concert, Defendants lured Plaintiff into agreeing to pay $122,225 per unit for the production of 21 tiny homes (for a total price of $2.6 million), in time for the 2023 peak rental season from May to September. In order to induce Plaintiff to continue making payments to Heirloom despite Heirloom's failure to produce even a single tiny home, Defendants conveyed fraudulent documentation and made false statements to Plaintiff on numerous occasions, as described herein. Plaintiff relied on said false statements, many of which were conveyed via telephone and email, to make wire payments in October 2022, November 2022, January 2023, February 2023 and March 2023, before discovering Defendants' fraud in May 2023. As a proximate result of Defendants' fraudulent documentation and false statements, Plaintiff has not and will not be able to generate expected rental income from the tiny homes it purchased for the 2023 rental season, and has not received a single complete tiny home despite payment of over $1.7 million. Plaintiff's business has been damaged as a direct and proximate result of Defendants' fraudulent enterprise and racketeering activity.

49. Defendants have engaged in conduct of an enterprise through a pattern of racketeering activity. Specifically, Defendants together market themselves as exceptional tiny

Page 10 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

home designers and builders. Defendants each have a part in luring customers to sign a contract to build tiny homes, make large payments, and then engage in a pattern of dishonesty with the intent of procuring additional funds from Plaintiff (and others) while concealing the true status of the project.

50. Defendants' activities include at least two acts of racketeering activity since 2022. Accordingly, Defendants' conduct constitutes a "pattern" of racketeering activity.

51. One such act occurred on or about October 26, 2022 when Defendants, in furtherance of the activities, purpose and scheme of the Heirloom Enterprise, falsely and fraudulently sent Plaintiff purchase orders to entice Plaintiff to make additional payments for a project Defendants had no ability nor intention of fulfilling.

52. Another such act occurred on or about October 11, 2022 when Defendants, in furtherance of the activities, purpose and scheme of the Heirloom Enterprise, falsely and fraudulently emailed Plaintiff photos of purportedly completed trailers at their facility purchased for Plaintiff's project. It was not until Plaintiff's site inspection on May 2, 2023 that Plaintiff discovered that the trailers in the October 11, 2022 photographs did not meet the specifications for Plaintiff's project, and were instead trailers for another customer. The purpose of emailing said photos was to induce Plaintiff into making a large payment. Plaintiff relied on said photos and Defendants' statements in paying Heirloom over $323,000 in November 2022.

53. All Defendants agreed to and did conduct and participate in the conduct of the Heirloom Enterprise's affairs through a pattern of racketeering activity, including wire fraud as defined by 18 U.S.C. § 1343 and mail fraud as defined by 18 U.S.C. § 1341, and for the unlawful purpose of intentionally defrauding Plaintiff and other tiny home purchasers.

54. As a direct and proximate consequence of the conduct of Defendants and each of them as alleged herein, Plaintiff has been injured in its business and property, causing Plaintiff to suffer monetary damages in an amount to be proven at the time of trial.

//

Page 11 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

55. Because of Defendants' violations of 18 U.S.C. § 1962(c), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Federal RICO 18 U.S.C. § 1962(d) – Against All Defendants)

56. Plaintiff incorporates by reference the previous allegations as if set forth fully herein.

57. On information and belief, beginning at least in 2022 and continuing to at least May 2023, each Defendant did agree to and did conspire to violate 18 U.S.C. § 1962(c), as alleged above and incorporated herein, in violation of 18 U.S.C. § 1962(d). At least one other person who contracted with Heirloom has been defrauded by Defendants as part of this conspiracy. The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the Heirloom Enterprise described above; and to receive income derived from a pattern of racketeering activity and to use such income or the proceeds of such income in the establishment and operation of the Heirloom Enterprise.

58. Defendants have knowingly, willfully and intentionally conspired and agreed to conduct and participate in the conduct of the affairs of the Heirloom Enterprise described previously through a pattern of racketeering activity (wire fraud and mail fraud).

59. Defendants have knowingly, willfully and intentionally conspired and agreed to receive income derived from a pattern of racketeering activity (wire fraud and mail fraud) and to use such income or the proceeds of such income in the establishment and operation of the enterprise described previously.

60. Defendants knew that their actions as alleged above were part of a pattern of racketeering activity and agreed to the commission of those acts to further the conspiratorial scheme described above.

//

Page 12 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

61. Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. §§ 1962(c) and (a), in violation of 18 U.S.C. § 1962(d).

62. As a direct and proximate consequence of the Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in its business and property, causing Plaintiff to suffer monetary damages in an amount to be proven at the time of trial.

63. Because of Defendants' violations of 18 U.S.C. § 1962(d), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Fraud – Against All Defendants)

64. Plaintiff incorporates by reference the previous allegations as if set forth fully herein.

65. Defendants have made multiple false statements and produced false documentation, as detailed herein. Plaintiff relied on those false statements and false documentation in entering into multiple agreements with Heirloom, in continuing its business relationship with Defendants, and in making payments to Heirloom for the production of 21 tiny homes. To date, Heirloom has not produced a single tiny home, only has three tiny homes currently in production, and has stated it will not continue production without additional funds from Plaintiff.

66. As a result of Defendants' false statements and fraudulent documentation, Plaintiff has been injured and continues to be injured each day it does not receive the contracted-for tiny homes.

//
//
//

Page 13 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax:503-796-2900

### FOURTH CLAIM FOR RELIEF

### (Breach of Contract – Against Heirloom)

67. Plaintiff incorporates by reference the previous allegations as if set forth fully herein.

68. Plaintiff and Heirloom entered into an enforceable and binding contract. Plaintiff agreed to pay Heirloom approximately $2.6 million to build 21 tiny homes, among other terms.

69. To date, Plaintiff has paid Heirloom over $1.7 million. Plaintiff has not received a single tiny home. Instead, Defendants have demanded additional funds to recommence production of just three tiny homes.

70. Heirloom has breached the Agreement by failing to produce tiny homes as provided for under the terms of the Agreement. Plaintiff has performed its obligations under the Agreement or is excused from performance.

71. As a direct and proximate result of Heirloom's breach, Plaintiff has been damaged in the amount of at least $75,000, said amount to be proved at trial.

### JURY DEMAND

72. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Finding that all Defendants are jointly and severally liable for all damages caused to Plaintiff under the first, second, and third claims for relief;
2. Awarding Plaintiff monetary damages in the amount of at least $75,000, said amount to be proved at trial;
3. Awarding Plaintiff enhanced (treble) monetary damages pursuant to 18 U.S.C. § 1964(c);
4. Awarding Plaintiff its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

Page 14 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900

5. Awarding Plaintiff punitive damages in a sum to be decided by a jury; and

6. For such other relief as the court deems just and proper.

Dated this 5th day of June, 2023.

                                        Respectfully submitted,

                                        SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Matthew Singer*
     **Matthew Singer**, OSB #055090
     Email: msinger@schwabe.com
     **Nellie Q. Barnard**, OSB #122775
     Email: nbarnard@schwabe.com
     Schwabe, Williamson & Wyatt, P.C.
     1211 SW 5th Ave., Suite 1900
     Portland, OR  97204
     Telephone: 503-222-9981
     Facsimile: 503-796-2900

     *Attorneys for Plaintiff Preserve Partners, Inc.*

Page 15 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax:503-796-2900